

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    JUDGE

**LETTER OPINION**

December 15, 2008

Gilberto M. Garcia
Garcia and Kricko
Court Plaza South
West Wing, Suite 350
21 Main Street
Hackensack, NJ 07601
*Attorney for Plaintiff*

Glenn P. Milgraum
Steven Robert Lehr, P.C.
33 Clinton Road - Suite 100
West Caldwell, NJ 07006
*Attorney for Defendants*

    Re:  *Aquino v. Excelsior Medical IPA, PLLC*
           Civil Action No. 08-2362 (WJM)

Dear Counsel:

    This is a case involving the medical treatment of Renny Aguasvivas. Defendants Excelsior Medical IPA, LLC ("Excelsior Medical") and Emilio Villegas have moved to dismiss this action for lack of jurisdiction and improper venue. For the reasons stated below, Defendants' motion to dismiss is **GRANTED**, and the case is **TRANSFERRED** to the United States District Court for the Eastern District of New York.

    **I.**    **FACTS AND PROCEEDINGS**

    Although the facts underlying this action are tragic, the Court will recite only the facts relevant in determining whether jurisdiction over Defendants and venue in New Jersey is proper. Defendant Excelsior Medical IPA, LLC is a New York physician's group, and Defendant Villegas is a New York physician and resident of New York.

Renny Aguasvivas ("Renny"), a citizen and resident of the Dominican Republic, was a one-year-old boy diagnosed with advanced liver disease.[1]  Since late 2007, Defendant Villegas, a family friend, was involved in the diagnosis and research of Renny's condition.  Upon assistance from a Dominican non-profit foundation, Defendant Villegas, and Defendant Excelsior Medical, Renny was able to obtain a medical visa[2] to visit the United States and was entrusted to the care of his grandmother, a New Jersey resident.  The Complaint alleges that Defendants Villegas and Excelsior Medical created a binding offer or contract to pay for all costs associated with Renny's medical procedures when they submitted a letter to the United States Consulate seeking approval of Renny's medical visa.

Renny, accompanied by his grandmother Madeline Aquino, arrived in the United States on March 7, 2008.  Immediately upon arrival, Renny was taken to Defendants Villegas and Excelsior Medical, where upon examination, Renny was referred to Elmhurst Hospital.  As the medical staff at Elmhurst Hospital were unable to treat Renny's condition, he was sent to Mount Sinai Hospital.  After two months of medical treatment at Mount Sinai Hospital, Renny was brought to a stable condition and discharged. Although "the hospital and medical staff treating Renny" promised to provide him with all necessary outpatient care, Renny was unable to obtain a liver transplant because it is alleged that: (1) the treating doctors had not evaluated Renny to determine if he was eligible for a liver transplant; and (2) "Mount Sinai [would] not evaluate Renny for an organ donation clearance until the financial issues surrounding the procedure [were] resolved."  (Pl.'s Compl. ¶¶ 38-40.)

On May 14, 2008, Plaintiff filed an action in this Court seeking medical expenses and a declaratory judgment.  The Complaint claims that due to Defendants' failure to pay for the medical treatments, Renny could not seek organ donation clearance from Mount Sinai Hospital.  Therefore, the Complaint alleges fraud and breaches of contract.

On July 28, 2008, Defendants moved to dismiss Plaintiff's Complaint for lack of jurisdiction and improper venue.  Plaintiff opposed.  The motion is now properly before the Court.

**II.     DISCUSSION**

---

[1] Since the filing of this action, Renny died while awaiting a liver transplant.

[2] A medical visa is a temporary visa and does not confer permanent residency.

As it is unclear whether Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(c) for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, or some combination thereof, the Court will address these issues in turn.

First, this action was brought in federal court based upon diversity jurisdiction. Where an action is between "citizens of a State and citizens or subjects of a foreign state" and the matter in controversy exceeds $75,000, district courts have original jurisdiction for those civil actions pursuant to 28 U.S.C. § 1332(a)(2). In this case, Defendants are residents of New York, and Plaintiff is the legal representative of a foreign infant. Since "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent," Plaintiff should be deemed a citizen of the Dominican Republic.[3] 28 U.S.C. § 1332(c)(2). Therefore, Plaintiff is considered for jurisdictional purposes a citizen of a foreign state, and subject matter jurisdiction in this Court is proper.

Second, in New Jersey, the exercise of personal jurisdiction over non-resident defendants is allowed to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004). To assert *in personam* jurisdiction over a non-resident defendant consistent with the Fourteenth Amendment, a plaintiff must show that the defendant had minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).

Personal jurisdiction arises when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). In other words, a defendant must have engaged in some purposeful conduct within the forum "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen v. Woodson*, 444 U.S. 286, 297 (1980). To demonstrate such conduct, a "plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting

---

[3] Even if the Court were to allow Plaintiff to amend the Complaint to name the Estate of Renny Aguasvivas, the Court's analysis would remain unchanged since the legal representative of an estate of a decedent is deemed to be a citizen only of the same State as the decedent. 28 U.S.C. § 1332(c)(2).

*Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 416 (1984)).

A motion to dismiss for lack of personal jurisdiction shifts the burden to the plaintiff to establish sufficient facts showing that jurisdiction is proper. *See Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). As this court has not held an evidentiary hearing on the motion to dismiss for lack of personal jurisdiction, the "plaintiff need only establish a prima facie case of personal jurisdiction," and the Court must accept Plaintiff's allegations as true and resolve all disputed facts in its favor. *Miller Yacht Sales*, 384 F.3d at 97.

In this case, Plaintiff has not established this Court's personal jurisdiction over Defendants. There are no facts in either the Complaint or Plaintiff's opposition brief that suggests that either Defendant has the type of continuous and systemic contacts with New Jersey that would subject them to general personal jurisdiction in New Jersey. Additionally, there are no facts alleged that would support specific personal jurisdiction over Defendants in New Jersey. The Complaint alleges that Defendants involved themselves with Renny's application for a medical visa from New York and communicated with the United States Consulate and Renny's family in the Dominican Republic. Defendant Villegas is described as "sending literature to the family in the Dominican Republic from the United States that dealt with the liver transplant process." (Pl.'s Compl. ¶ 17.) It appears that all of the medical treatments received by Renny were in New York, and Defendants are not alleged to have traveled to New Jersey to examine Renny or consult with his family members. Therefore, all of the substantive elements of Plaintiff's claims, including the formation of the alleged contract, the statements and actions constituting the alleged misrepresentations and fraud, the failure to bear financial responsibility for expenses incurred at a New York hospital, and Renny's medical examinations and treatment, occurred either in New York or in the Dominican Republic.

The Court is not persuaded by Plaintiff's attempts to characterize Defendants' actions as purposefully availing themselves to the New Jersey forum. Defendants only alleged contacts with New Jersey, with respect to the facts of this case, are as follows: (1) Defendant Excelsior Medical is alleged to "advertise[] its services over the internet and such advertisement reaches this district;" (2) Renny's grandmother, his legal representative in this case, is a resident of New Jersey; (3) Defendant Villegas kept in touch with Renny's grandmother in New Jersey; and (4) after Renny's release from Mount Sinai Hospital, he lived with his grandmother in New Jersey. (Pl.'s Compl. ¶¶ 4, 5; Pl.'s Opp. Br. 2.) First, "the mere operation of a commercially interactive web site" does not subject Defendant Excelsior Medical to personal jurisdiction in New Jersey without some evidence that Defendant Excelsior Medical intended to target New Jersey residents and/or knowingly conducted business with New Jersey residents via the web

site. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). As there is no allegation that the web site targeted New Jersey residents or that Plaintiff's interactions with Defendant Excelsior Medical were through the web site, the Court cannot conclude that the maintenance of Defendant Excelsior Medical's web site is sufficient to constitute specific personal jurisdiction in this case. Second, the fact that Renny's relative resided in New Jersey is of no consequence given that Defendants are not alleged to have defrauded or entered into a contract with that relative. Third, to the extent that there was any communication with Renny's New Jersey relative, it is unclear to the Court when such communications occurred and the content of those communications. Thus, the Court is unable to conclude that these contacts are sufficient for the assertion of specific personal jurisdiction over Defendants.

Moreover, the Court is not persuaded by Plaintiff's argument that Defendants waived their personal jurisdiction and venue defenses by filing a counterclaim in this action. Defendants filed an Answer on July 21, 2008 and amended their Answer on July 28, 2008. These pleadings included the affirmative defenses of lack of personal jurisdiction and improper venue, and therefore, the Court does not deem such defenses as waived. Defendants also concurrently asserted counterclaims in their pleadings. Courts have held that the assertion of a counterclaim does not waive objections to personal jurisdiction. *See, e.g.*, *Tagayun v. Lever & Stolzenberg*, No. 05-4101, 2007 U.S. Dist. LEXIS 94444 *26 (D.N.J. Dec. 27, 2007) (collecting cases). Thus, the Court finds that Defendants did not waive their personal jurisdiction defenses.

Finally, given the lack of personal jurisdiction over Defendants in New Jersey, the Court need not address Defendants' argument of improper venue.

### III.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss will be **GRANTED**. In the interests of justice, Plaintiff's Complaint will be **TRANSFERED** pursuant to 28 U.S.C. § 1406(a) to the Eastern District of New York where Defendants are subject to personal jurisdiction and venue is proper. An appropriate Order follows.

s/William J. Martini<br>
**William J. Martini, U.S.D.J.**